UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD JOHNSON,

        Plaintiff,

        v.                                CAUSE NO. 3:21-CV-472-JD-MGG

JOHN GALIPEAU,

        Defendant.

OPINION AND ORDER

Donald Johnson, a prisoner without a lawyer, is proceeding in this case "against Warden John Galipeau in his individual capacity for monetary damages for subjecting him to unconstitutional conditions of confinement beginning in September 2020, in violation of the Eighth Amendment[.]" ECF 8 at 5. Warden Galipeau filed a motion for summary judgment, arguing Johnson did not exhaust his administrative remedies before filing suit. ECF 14. Johnson filed a response, and Warden Galipeau filed a reply. ECF 21, 26. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.*

*Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus,

2

when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In his summary judgment motion, Warden Galipeau argues Johnson did not exhaust his administrative remedies prior to filing this lawsuit because the grievance office properly rejected his grievance and he never corrected and resubmitted the grievance after it was rejected. ECF 15 at 8-9. Specifically, Warden Galipeau provides evidence that Johnson submitted a grievance on February 12, 2021, complaining he was having trouble breathing due to ongoing exposure to mold, dust, and asbestos. ECF 15-4 at 2. On the grievance form, Johnson listed the date of incident as "on going." *Id.* On February 23, 2021, the grievance office rejected Johnson's February 12 grievance on the grounds that (1) "your date of incident cannot be ongoing, it must be a specific date," and (2) "[t]here were no informal grievances attached to your grievance[.]" *Id.* at 1.

In his summary judgment motion, Warden Galipeau argues the grievance office properly rejected Johnson's February 12 grievance because the date of the incident cannot be ongoing and must be a specific date. ECF 15 at 8-9.[1] Specifically, he cites the

---

[1] Warden Galipeau does not argue the grievance office properly rejected Johnson's February 12 grievance for failing to attach informal grievances. *See* ECF 15 at 8-9. Moreover, Johnson attests that he did attach informal grievances to his February 12 grievance (ECF 21-2 at 2), and Warden Galipeau does not argue or provide any evidence disputing this fact. Thus, the court accepts as undisputed that Johnson attached informal grievances to his February 12 grievance.

3

Offender Grievance Process and an affidavit from the facility's Grievance Specialist for the proposition that each grievance "must list a specific incident date of the incident." ECF 15 at 4; ECF 26 at 4. But the Offender Grievance Process does not require that each grievance list a specific incident date. The policy only requires:

> Each completed State Form 45471, "Offender Grievance," must meet the following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall relate to only one event or issue;
> 5. It shall be signed, dated, and submitted by an offender on their own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical impairment, language impairment, or other obstacle;
> 6. It shall explain how the situation or incident affects the offender; and,
> 7. The offender shall suggest appropriate relief or remedy.

ECF 15-2 at 9-10. Johnson's February 12 grievance meets each of these requirements. Thus, Johnson has provided evidence he submitted his February 12 grievance in compliance with the Offender Grievance Process, and Warden Galipeau provides no evidence the grievance office had a valid basis for rejecting the grievance. Therefore, construing the evidence in the light most favorable to Johnson, the grievance office made the grievance process unavailable to Johnson by improperly rejecting his February 12 grievance. *See Davis v. Mason*, 881 F.3d 982, 986 (7th Cir. 2018) (holding that the grievance office made an inmate's administrative remedies unavailable by rejecting his grievance based on purported noncompliance with unannounced requirements).

Warden Galipeau also argues Johnson did not exhaust his administrative remedies because he never corrected and resubmitted his February 12 grievance after it

was rejected by the grievance office. ECF 15 at 8-9. But it is not clear what corrections Johnson was expected to make, as he was not required to list a specific incident date for his grievance and his grievance complained of an ongoing problem that did not have any specific incident date. Moreover, Johnson argues he did not receive the "Return of Grievance" form from the grievance office until March 11, when the time for him to correct and resubmit his February 12 grievance already had expired. ECF 21-1 at 11. Specifically, Johnson provides evidence he received the "Return of Grievance" form on March 11 and wrote to the Grievance Specialist that same day, but the Grievance Specialist informed him the time to correct and resubmit his grievance already had expired. *Id.*; ECF 21-3 at 5. In his reply, Warden Galipeau argues Johnson should have submitted a corrected version of his February 12 grievance within five days of receiving the "Return of Grievance" form on March 11. ECF 26 at 5. But it is undisputed Johnson inquired with the Grievance Specialist on March 11 and was informed that the time to correct and resubmit his grievance had expired. ECF 21-3 at 5. Accordingly, the undisputed facts show Johnson never had any ability or opportunity to correct and resubmit his February 12 grievance.

In summary, the undisputed evidence shows the grievance office improperly rejected Johnson's February 12 grievance, and Johnson never had any ability or opportunity to correct and resubmit the grievance. This made the grievance process unavailable to Johnson. Therefore, Warden Galipeau has not met his burden to show Johnson had available administrative remedies he did not exhaust prior to filing this lawsuit. His motion for summary judgment must be denied.

5

For these reasons, the court DENIES Warden Galipeau's motion for summary judgment (ECF 14).

SO ORDERED ON September 14, 2022

/ s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT